RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/15/09

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| JAMIE RICHARD<br>Plaintiff | : | CIVIL ACTION NO: 08-CV-00328 |
| *VERSUS* | : | JUDGE RICHARD T. HAIK |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF<br>SOCIAL SECURITY<br>Defendant | : | MAGISTRATE JUDGE METHVIN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JUDGMENT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter was referred to the United States Magistrate Judge Mildred E. Methvin for her Report and Recommendation.

After a review of the entire record and the briefs of the parties, and pursuant to 42 U.S.C. § 405(g), the Magistrate held that the Commissioner's finding of non-disability was supported by substantial evidence of record.

Plaintiff timely objected to the Magistrate's findings and requested that this Court reverse the Commissioner's finding of non-disability and enter judgment in favor of Plaintiff, awarding her Social Security Benefits from the date of the onset of her disability and for all general and equitable relief.

After an independent review of the record, the applicable jurisprudence, and the objections filed by the Plaintiff, this Court concludes that the Findings and Recommendations of the Magistrate Judge are incorrect for the following reasons:

1

(1) The ALJ erred in finding that substantial evidence exists which indicates Plaintiff has the residual functional capacity for a full range of sedentary work. Since 2004, Plaintiff has suffered many medically diagnosed disabling conditions, including but not limited to, Turner's syndrome, diabetes, hypertension, coronary artery disease, acute myocardial infarction (heart attack), mild degenerative disc disease of the lumbar spine, carpal tunnel syndrome, musculoskeletal pain, back pain, daily fatigue, and shortness of breath. It is particularly noteworthy to this Court that Turner's syndrome, which Plaintiff has suffered from her entire life, is known to increase the risk of heart attack. Though Plaintiff has suffered from Turner's syndrome her entire life, she nonetheless maintained a sedentary job as a dispatcher until she could no longer meet the demands of a forty hour sedentary work week in 2004. In fact, Plaintiff left her job as a dispatcher in order to seek medical help for the very medical problems which she now complains of as causing her disabling condition. Despite Plaintiff's two long-time treating physician's opinions that she cannot maintain even a low stress job due to her medical conditions, the ALJ found that Plaintiff can perform a full range of sedentary work. This Court disagrees. Plaintiff left her *sedentary* job as a dispatcher due to her medical problems and has not returned since. Both of her treating physicians, Drs. Dibbs and Sibille, have opined that Plaintiff's disabling medical issues will continue for over a year and that the stress involved in a normal forty hour *sedentary* work week can trigger potentially life-threatening heart problems, namely, the onset of another heart attack. This is not taking into account the non-cardiac pain Plaintiff endures in her daily life which has also been diagnosed

and repeatedly referenced by Dr. Dibbs and Dr. Sibille. Nonetheless, the ALJ found that Plaintiff could return to sedentary work based on the post-hearing examination performed by Dr. Foti who saw Plaintiff on only one single occasion. It is worth noting that Dr. Foti is not a cardiologist, did not perform an EKG on Plaintiff, and neglected to take Plaintiff's blood pressure reading. In the face of the multiple examinations of Plaintiff by Drs. Dibbs and Sibille, as well as their dire warnings regarding Plaintiff's ongoing disabilities, the Court cannot find it prudent to send a woman back to work when doing so could potentially threaten her life. Common sense dictates that very few potential employers would be willing to hire an employee who is under constant risk of heart attack, can barely lift ten pounds, has difficulty walking one city block, who must take unscheduled breaks every one to two hours with an hour rest to follow, who must have her legs elevated for large portions of the day and suffers from Turner's syndrome, diabetes, hypertension, coronary artery disease, degenerative disc disease of the spine, carpal tunnel syndrome, musculoskeletal pain, back pain, daily fatigue, and shortness of breath. It is this Court's belief that a person must do more than sell pencils on the side of the road in order to be gainfully employed. It is highly doubtful that Plaintiff could perform such a job where literally zero effort/stress is required. This Court further believes the medical evidence, taken as a whole, combined with Plaintiff's testimony at the hearing clearly establish that she is severely limited in her activities. For these reasons, the Court finds that substantial evidence does, in fact, exist which clearly indicates Plaintiff does not have the residual functional capacity for a full range of sedentary work.

3

(2) The ALJ disregarded the voluminous record of medical treatment and functional limitations assigned by both of the Plaintiff's treating physicians, Dr. Dibbs, Plaintiff's cardiologist, and Dr. Sibille, Plaintiff's family practitioner, in favor of the consultative examiner, Dr. Foti, who examined Plaintiff on only one occasion. Plaintiff was treated by Drs. Sibille and Dibbs no less than fourteen times between February 2003 and the filing of the instant suit in early 2008. In September 2005, Dr. Sibille concluded that Plaintiff is incapable of even low stress jobs due to her chronic medical problems. He further opined that Plaintiff's total disability will continue for over a year. By letters dated May 11, 2007 and May 24, 2007, Dr. Sibille reaffirmed his belief that the limitations he imposed on Plaintiff's 2005 activities were still warranted. In late 2005, Plantiff's cardiologist, Dr. Dibbs, filled out a Cardiac Residual Capacity Questionnaire wherein he stated that excessive stress may have the potential to trigger Plaintiff's ongoing heart condition, namely, another heart attack. He further stated that Plaintiff will need to take breaks during the eight hour workday for 1-2 hours, that her legs should be elevated 75% - 90% of the workday due to lower leg swelling, and that she can only occasionally lift ten pounds or less. Like Dr. Sibille, Dr. Dibbs concluded Plaintiff's disability will last for more than a year. Unlike Drs. Dibbs and Sibille, Dr. Foti examined Plaintiff on only a single occasion at her post-hearing consultative exam. Dr. Foti confirmed Plaintiff's history of coronary artery disease and previous heart attack; however, he disregarded the findings of disability both Dr. Dibbs and Dr. Sibille had previously diagnosed. Dr. Foti concluded that Plaintiff's ability to walk or stand for a full workday was unlimited, and she should be able to lift up to twenty pounds. Dr. Foti arrived at

these conclusions regardless of the fact that he is not a cardiologist, he did not perform an EKG on Plaintiff, and he was unable to obtain a blood pressure reading during his single examination of Plaintiff. In other words, Dr. Foti's exam neglected to investigate the cardiac medical issues which have affected Plaintiff in the recent past. Nonetheless, the ALJ afforded greater weight to the opinion of a doctor who saw Plaintiff only once and does not specialize in cardiac medicine over two physicians, one being a cardiologist, who examined Plaintiff fourteen times over a period of three years. The Fifth Circuit has held that the opinion of a claimant's treating physicians are "entitled to great weight." Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994). The ALJ can decrease reliance on treating physician testimony for good cause. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871. Good cause for abandoning the treating physician rule includes "disregarding statements [by the treating physician] that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by evidence." Id. It cannot be said that Dr. Foti's opinion regarding Plaintiff's ongoing heart condition should be afforded greater weight than Dr. Dibbs' medical opinion, given Dr. Dibbs is a cardiologist and Dr. Foti is not. The Court is left to wonder why Dr. Foti did not take Plaintiff's blood pressure or give her an EKG given her past cardiac issues. Plaintiff's medical record shows that these same tests were, in fact, administered by her treating physicians whose ongoing medical opinions regarding Plaintiff's heart condition this Court cannot ignore in light of Dr. Foti's lack of specialization in cardiac medicine. For these reasons, the Court finds the ALJ did not have "good

cause" in abandoning the greater weight that should have been afforded to Plaintiffs long-time treating physicians, Drs. Dibbs and Sibille.

Therefore, the Commissioner's denial of disability benefits is not supported by substantial evidence in the record. *Carey v. Apfel*, 230 F.3d 131, 136 (5th Cir. 2000); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Further, the Commissioner's decision does not comport with relevant legal standards. *Carey*, 230 F.3d at 136; *Anthony*, 954 F.2d at 292; *Greenspan*, 38 F.3d at 236.

Accordingly, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Commissioner's decision is **REVERSED** and Commissioner is hereby ordered to administer disability benefits to Plaintiff in accord with this ruling.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 15th day of June, 2009.

JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

6