UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JAMIE RICHARD | CIVIL ACTION NO. 08-328 |
| VS. | JUDGE HAIK |
| MICHAEL J. ASTRUE, COMMISSIONER SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE METHVIN |

*RULING ON MOTION FOR ATTORNEY FEES AND COSTS
PURSUANT TO EQUAL ACCESS TO JUSTICE ACT
(Rec. Doc. 15)*

Before the undersigned is the Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (rec. doc. 15), 28 U.S.C. § 2412(d)(EAJA). In support of this request, Richard's counsel, George S. Bourgeois, Jr., submitted a petition describing the services performed on behalf of his client and the time billed in connection with each task in increments of .25 hours. Plaintiff asks for an award of attorney's fees at a rate of $125.00 per hour for 26.25 hours for work performed in 2008 and 2009, for a total of $3,281.25. The Commissioner does not dispute the reasonableness of the requested award.

*Guidelines for Attorneys' Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. Martin v. Heckler, 754 F.2d 1262, 1264 (5th Cir. 1985). Judge Haik rejected the recommendation of the magistrate judge, reversed the decision of the Commissioner, and awarded benefits to Richard consistent with an onset date of

2

October 20, 2004.  Since Richard is a prevailing party, and the Commissioner does not oppose an award of fees, I find that an award of fees is appropriate.

### *Reasonable Hourly Rate*

Upon due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, the court will implement an hourly rate of $125 per hour for work performed in 2007, and $150 per hour for legal services performed in 2008, forward for this petition.  *See,* Brown v. Astrue, 2008 WL 4186877 (E.D. La. Sept. 9, 2008)(settling upon an hourly rate of $150).   The services provided in this matter were all performed in 2008 and 2009, and will be awarded at an hourly rate of $150.

### *Reasonable Hours Expended*

The Commissioner does not oppose the number of hours claimed by the claimant's attorney.  Furthermore, the undersigned concludes that 26.25 hours of attorney time is a reasonable number of hours to expend on this type of case, especially considering plaintiff's successful appeal of the magistrate judge's recommendation to the district judge.

### *Johnson Analysis*

The next step requires that the court analyze the twelve Johnson factors to determine if the lodestar requires adjustment.  A listing of the factors and analysis of each factor as it applies in this case follow:  (1) Time and labor involved: the lodestar adequately compensates time and labor involved;  (2) Novelty and difficulty of the questions: similar issues in this case have been previously addressed by this court;  (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case competently;  (4) Preclusion of other employment: no evidence was offered to establish that this

3

case precluded handling of other cases;  (5) Customary fee: the generally accepted fee in this area is $125.00 per hour through December, 2007and $150.00 forward.  The undersigned finds these rates to be appropriate in this case;  (6) Fixed or contingent fee: this case was billed on an hourly basis; thus, this factor does not justify adjustment;[1]  (7) Time limitations: no evidence was adduced on this point;[2]  (8) The time involved and the results obtained: this matter was resolved approximately fifteen months after the complaint was filed; however, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment.  Walker, 99 F.3d at 771; (9) The experience, reputation and ability of counsel: the undersigned notes that counsel presented valid arguments which resulted in the matter being reversed and benefits awarded; the lodestar, however, adequately compensates for this factor; (10) The undesirability of the case: no evidence was adduced on this point; (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point; (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees.  The lodestar is presumptively reasonable and should be modified only in exceptional cases.  City of Burlington, 112 S.Ct. at 2641.  This is not such a case; the lodestar requires no adjustment.

For the foregoing reasons,

**IT IS ORDERED** that the Petition for Attorney's Fees and Expenses is **GRANTED** in the amount of $3,937.50, at an attorney rate of $150.00 for 26.25 hours in 2008 and 2009.

---

[1] In Walker, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor.  See, City of Burlington v. Dague, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir.), cert. denied, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[2] The seventh factor is subsumed in the number of hours reasonably expended.  Walker, 99 F.3d at 772.

4

**IT IS FURTHER ORDERED** that the sum of $3,937.50 is awarded to Richard as an EAJA fee.  The Commissioner of the Social Security Administration shall forward a check payable to her attorney, George S. Bourgeois, Jr.,  in the amount of $3,937.50, pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana, on October 26, 2009.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)